Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 26th, 2018**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

| IN RE: | CASE NO. 2:16-bk-20692 |
|---|---|
| HOWARD JEFFREY LILLY,  Debtor. | CHAPTER 7  JUDGE FRANK W. VOLK |
| ROBERT ISADORE AARON,  Plaintiff,  v.  HOWARD JEFFREY LILLY,  Defendant. | ADVERSARY PROCEEDING NO. 17-ap-02002 |

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Robert I. Aaron's Motion for Summary Judgment, filed November 20, 2017 [Dckt. 22]. Aaron prosecutes this adversary proceeding seeking a determination that a debt owed by Defendant Howard J. Lilly is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

On July 7, 2014, Mr. Aaron, a veteran news reporter for WCHS TV, received a tip about a potential story regarding neglected mules and horses near Bomont Road in Clay County, West Virginia. (Pl.'s Mem. in Supp. of Mot. for Summ. J. at 1). Upon arrival, Mr. Aaron discovered a small farm with mules and horses that appeared to be thin and malnourished. *Id*. at 2. Mr. Aaron pulled to the side of the public roadway, setup his tripod and camera, and began filming. *Id*. While Mr. Aaron was filming, Mr. Lilly charged Mr. Aaron and began shouting for him to leave the premises. *Id*. Mr. Aaron told Mr. Lilly that he was on a public road, and he would leave after he finished the video. *Id*. Mr. Lilly then grabbed Mr. Aaron's camera equipment and attempted to take the camera and tripod. *Id*. Mr. Aaron was able to retrieve the camera, but not the tripod. *Id*. Mr. Lilly began swinging the tripod at Mr. Aaron. *Id*. The camera weighs approximately ten (10) pounds, and the tripod weighs approximately ten (10) to twelve (12) pounds. *Id*. Mr. Lilly struck Mr. Aaron with the tripod at least one time, causing serious injury. *Id*.

During the altercation, the camera was able to record most of the events. *Id*. However, when Mr. Lilly struck Mr. Aaron, the camera lens was destroyed. *Id*. At that time, Mr. Aaron retreated to his vehicle with only the camera. *Id*. The tripod remained in Mr. Lilly's possession. *Id*. Sometime later, Mr. Aaron reported the incident to the West Virginia State Police and was transported to the emergency room for treatment. *Id*.

Mr. Aaron brought claims against Mr. Lilly for assault, battery, and intentional infliction of emotional distress in the Circuit Court of Clay County ("Circuit Court"). *Id*. at 3. On March 30, 2016, the jury entered a verdict against Mr. Lilly for $13,066.80. *Id*. at 3. The verdict included $2,066.80 for medical expenses that were written off because Mr. Lilly already paid those

expenses as part of his plea agreement. *Id*. As such, the final award was $11,000.00. *Id*. Subsequently, Mr. Lilly filed for Chapter 7 bankruptcy on December 20, 2016. On January 28, 2017, the above styled adversary proceeding was filed. *Id*.

## II.

### A.    Governing Standard

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, authorizes summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. The moving party bears the burden. *Emmett v. Johnson*, 532 F.2d 291, 297 (4th Cir. 2008) ("When a party has submitted sufficient evidence to support its request for summary judgment, *the burden shifts to the nonmoving party . . . .*") (emphasis added); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Once the moving party has made a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a genuine issue of material fact which precludes summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**B.    Analysis**

Mr. Aaron seeks a nondischargeability determination under 11 U.S.C. § 523. A presumption exists that all debts owed by the debtor are dischargeable unless the party contending otherwise proves nondischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect "honest but unfortunate" debtors. *Bosiger v. US Airways, Inc.*, 510 F.3d 442, 448 (4th Cir. 2007). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (*quoting Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)). The burden is on the creditor to prove the exception to discharge by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991)*; Kubota*, 524 F.3d at 497.

   **1.  *Res Judicata***

Mr. Aaron contends that Mr. Lilly is barred from re-litigating issues regarding dischargeability because of the doctrine of *res judicata*. The doctrine of *res judicata*, or claim preclusion, prohibits re-litigation of "further claims by parties or their privies based on the same cause of action" if a final decision has already been rendered. *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (*quoting Montana v. United States*, 440 U.S. 147 (1979)).

The Supreme Court has held, however, state-court judgments do not have claim preclusive effects in the context of a § 523 action. *Felsen*, 442 U.S. at 139 n.10. Under *Felsen*, and *Pahlavi v. Ansari (In re Ansari),* 113 F.3d 17, 23 (4th Cir. 1997), "the correct preclusion principle in [a § 523] case is collateral estoppel, and not res judicata," because a § 523 action cannot be the

4

same cause as an underlying state-court cause of action. *See Grogan*, 498 U.S. at 279 (1991) (clarifying that footnote 10 in *Felsen* was correct to suggest that issue preclusion applies in § 523 actions).

Mr. Aaron does not rely upon any case law to support the application of *res judicata* here. The decision in *Felsen* thus controls. Accordingly, *res judicata* principles have no bearing on this matter. Thus, only the principles of collateral estoppel and issue preclusion are applicable in this case.

### 2. Collateral Estoppel/Issue Preclusion

Collateral estoppel, also known as "issue preclusion," prohibits re-litigation of issues already adjudicated by a valid and final order of another court. *Sartin v. Macik*, 535 F.3d 284, 287-88 (4th Cir. 2008). The doctrine of collateral estoppel treats as final only those issues "actually and necessarily determined" in the prior action. *Montana v. United States*, 440 U.S. 147, 153 (1979). Collateral estoppel serves to protect parties from the cost of multiple lawsuits; to prevent inconsistent decisions; to encourage reliance on adjudication by minimizing the possibility of inconsistent decisions; and to conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It, therefore, promotes judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

The Supreme Court has recognized the application of collateral estoppel principles in the context of § 523(a) discharge actions. *Grogan*, 498 U.S. at 284; *see also, Duncan v. Duncan (In re Duncan),* 448 F.3d 725, 728 (4th Cir. 2006). In that regard, state judicial proceedings are entitled to the same full faith and credit in federal courts as they enjoy in the courts of the state in

which they are rendered. 28 U.S.C. § 1738. In determining the preclusive effect of a state court judgment, a federal court must examine the law of the state in which it was entered and give the order or judgment the same preclusive effect that it would have in the forum state. *Duncan*, 448 F.3d at 728. Nevertheless, while state law determines whether a state judgment is to be given preclusive effect in a dischargeability action, the bankruptcy court decides whether the debt is actually dischargeable for bankruptcy purposes. *Bennett v. Smith (In re Smith)* No. 05-2079, 2006 Bankr. LEXIS 3196, *8 (Bankr. M.D.N.C. Nov. 16, 2006) (citing *Peterson v. Bozzano (In re Bozzano)*, 183 B.R. 735, 739 (Bankr. M.D.N.C. 1995)).

In determining whether the application of collateral estoppel is appropriate, the court must apply the forum state's law of collateral estoppel. *Duncan,* 448 F.3d at 728; *Hagan v. McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). Thus, West Virginia law controls the collateral estoppel determination here. Under West Virginia law, collateral estoppel applies when the following elements are met:

> 1) the issue previously decided is identical to the one presented in the action in question; 2) there is a final adjudication on the merits of the prior action; 3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and 4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*State v. Miller*, 450 S.E.2d 114, 120 (W. Va. 1995); *Donham v. Walters (In re Walters)*, Adv. Proc. No. 10-93, 2011 Bankr. LEXIS 2147, *10 (Bankr. N.D. W.Va. June 6, 2011); *Jackson v. Harris (In re Harris)*, Adv. Proc. No. 08-13, 2008 Bankr. LEXIS 2329, *10 (Bankr. N.D. W.Va. Sept. 15, 2008).

In order for collateral estoppel to apply, as Mr. Aaron asserts, this Court must find that the issues of willfulness and maliciousness were actually litigated and necessarily determined by the judgment rendered in state court. 11 U.S.C. § 523(a)(6). If that is indeed the case, then the

6

doctrine of collateral estoppel precludes this Court from re-litigating those issues in the context of this adversary proceeding. All that would remain for determination is whether those findings, in turn, preclude a discharge of the debts asserted by Mr. Aaron.

### a. Application of Collateral Estoppel to §523(a)(6)

Under the first element, the Court inquires whether the issues of willfulness and maliciousness, which are essential to the discharge exceptions under § 523(a)(6), are identical to any issue Mr. Aaron raised in state court. Mr. Aaron asserts Mr. Lilly acted willfully and maliciously.

Section 523(a)(6) excepts from dischargeability debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2018). The term "entity" is defined in 11 U.S.C. § 101(15) as including a "[p]erson, estate, trust, governmental unit, and United States trustee." The operative elements of § 523(a)(6) regarding "willful" and "malicious" injury are stated in the conjunctive. Therefore, both elements must be established before a finding of nondischargeability can be made under § 523(a)(6). The moving party bears the burden of proof by a preponderance of the evidence. *Grogan*, 498 U.S. at 288.

The word "willful" requires deliberate or intentional acts, while "malicious" refers to acts that are "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Nestorio v. Associates Commer. Corp. (In re Nestorio)*, 250 B.R. 50, 57 (D. Md. 2000) (quoting *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1008 (4th Cir. 1985)); S. REP. NO. 95-989, at 79 (1978),

reprinted in 1978 U.S.C.C.A.N. 5787, 5865; H.R. REP. NO. 95-595, at 365 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6320.

Similarly, in West Virginia, a person is subject to liability for battery if: "(a) he acts *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Tolliver v. Kroger Co.*, 201 W. Va. 509, 498 S.E.2d 702, 711 (W.Va. 1997) (emphasis added). A person is subject to liability for assault if: "(a) he acts *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *W. Va. Fire & Cas. Co. v. Stanley*, 216 W. Va. 40, 52, 602 S.E.2d 483,495 (W.Va. 2004) (emphasis added). Furthermore, in West Virginia, the elements of an intentional infliction of emotional distress claim set forth as "one who by extreme and outrageous conduct *intentionally or recklessly* causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id.* (quoting Syl. Pt. 6, *Harless v. First Nat. Bank in Fairmont*, 169 W. Va. 673,289 S.E.2d 692 (1982))(emphasis added). Under West Virginia law, all of these torts require the element of "intent," which satisfies the first element of "willful" in § 523(a)(6).

Section 523(a)(6) also requires the element of "malicious" conduct. While the above torts do not require the element of "maliciousness" for a claim, that element can be satisfied by the award of punitive damages by the state court. West Virginia Code § 55-7-29(a) permits an award of punitive damages if "a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of conduct that was carried out by the defendant with actual

malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a).

Here, Mr. Aaron alleged in the Circuit Court the torts of battery, assault, and intentional infliction of emotional distress and further alleged the required elements for punitive damages. Because these allegations satisfy the same elements of willful and malicious under § 523(a)(6), the first element of collateral estoppel is satisfied.

The verdict of the Circuit Court satisfies the remaining elements of collateral estoppel. The jury found Mr. Lilly guilty on all counts and awarded punitive damages, specifically finding that Mr. Lilly "acted willfully, wantonly, and/or recklessly or with criminal indifference to civil obligations." (Compl. Ex. Trial Verdict). Based on this jury verdict, there was a final adjudication on the merits as evidenced by the trial court's findings, which satisfies the second element of collateral estoppel. *Id*. Mr. Lilly was a party to the litigation, satisfying the third element. *Id*. In addition, Mr. Lilly was represented by counsel and actively litigated these issues by presenting testimony and other evidence, which satisfies the fourth element**.** *Id*. Thus, Mr. Lilly had a full and fair opportunity to litigate each of the factual issues in the prior proceeding. Because Mr. Aaron has successfully demonstrated the four requirements for collateral estoppel, the analysis advances to the issue of nondischargeability.

### b. Section 523(a)(6) Analysis

In order to prevail on a § 523(a)(6) cause of action excepting a debt from discharge, the movant must demonstrate that: (1) the debtor caused an injury to an entity or property of that entity; (2) the debtor intended to cause that harm; (3) the intentional act was done maliciously; and

(4) that the debt sought to be excepted from discharge arose out of such conduct. The trial court's verdict demonstrates in abundance that Mr. Aaron has satisfied each element.

Specifically, the trial court found that Mr. Lilly committed assault and battery on Mr. Aaron. In addition, the court found that Mr. Lilly was liable for intentional infliction of emotional distress. More precisely, the court went beyond the intentional torts stated above and found that Mr. Lilly acted "willfully, wantonly, and/or recklessly or with criminal indifference to civil obligations." (Compl. Ex. Trial Verdict).

Manifestly, Mr. Lilly, an entity within the meaning of § 523(a)(6), acted with the requisite malicious intent, and the debt sought to be discharged arose out of such conduct. Accordingly, the debt owed to Mr. Aaron is nondischargeable.

### III.

Based upon the foregoing discussion, **IT IS ORDERED** that Mr. Aaron's Motion for Summary Judgment [Dckt. 22] be, and is hereby, **GRANTED.**

The Clerk is directed to transmit a copy of this written opinion and order to all counsel and parties entitled to notice.